Ashburn, J.
The question in this case arises upon the-rejection of certain testimony which defendant below proposed to offer on the trial, and which related exclusively to the offense charged in the second count.
The conviction of the defendant on the third count was clearly sustained by the proofs in the case. As we understand the record and arguments of counsel, no question for review is made as to the proceedings that resulted in a conviction and sentence upon the third count in the indictment.
The section of the statute charged to have been violated by defendant, in the second count, declares: “ That it shall be unlawful for any person or persons, by agent or otherwise, to sell, in any quantity, intoxicating liquors, to be-drank in, upon, or about the building or premises where-sold, or to sell such intoxicating liquors, to be drank in any adjoining room, building, or premises, or other place of public resort connected with said building.” S. & 0. 1131.
It is not unlawful to sell intoxicating liquors in this state.. The sale becomes unlawful, only where sold with a purpose-prohibited, or to prohibited classes of persons named in the statute. It is further provided that the giving away intoxicating liquoi’s, or other shift or device to evade the provisions of the statute, shall be deemed and held to be unlawful selling. No shift or device is alleged or sought to- *459 be proved against defendant. Tbe article sold is charged and claimed to be intoxicating liquor.
The evidence tends to show the article sold and alleged to be intoxicating liquor was called, in the trade, bitters, and was sold to defendant by that name. ■ The accused interposed two defenses — -first, that the bitters sold was free from alcoholic properties ; and, second, that if the bitters did, in fact, contain alcohol, and was intoxicating by reason thereof, he- was wholly ignorant of such fact; that he bought the bitters upon information and in the belief that the bitters was free from alcoholic properties, and sold it free from all intention of violating the statute.
If sustained by proof, either of these claimed defenses-would constitute a valid, defense to the charge set out in the second count. As to the second claimed -defense, such ignorance of fact as would relieve the alleged transaction of all criminal purpose on the part of the accused, is a defense. Testimony tending to prove the accused was ignorant of that fact or condition which constitutes the criminal element of the criminal charge is competent testimony.
. In such ease, the maxim of the criminal law, ignorantia fiaeti exeusat applies to his case. The excusing principle of this maxim applies with great force where the business is-recognized as lawful, and a transaction, in its prosecution, only becomes criminal when it is carried on with a purpose to violate the law. To give this maxim practical effect in a proper case, is but an assertion of natural justice, for the reason that to render an act criminal the intention with which it is done must be so — the will must concur with the act. To make a transaction criminal, there must be both will and act entering into the transaction. 1 Paine C. C. 16, 21; 1 Conn. 502-505 ; 1 Bishop on Crim. Law, § 301. ■
Ignorance or mistake in fact, guarded by an honest purpose, will afford, at common law, a sufficient excuse for a. supposed criminal act. Bishop says, in his work on criminal law (§ 287) : “ The doctrine which requires the existence of evil intent lies at the foundation of public justice. *460 There is only one criterion by which the guilt of men is to be tested. It is whether the mind is criminal.”
Sir William Blackstone, 4 Com. by Ken. 25, says: “Ignorance or mistake is another defect of the will, when a man intending to do a lawful act does that which is unlawful. Por, where the will and the deed act separately, there is not that conjunction between them which is necessary to form a criminal act. But it must be an ignorance or mistake of fact, and not an error in point of law. As if a man intending to kill a thief or housebreaker in his own house, under circumstances which would justify that act, by mistake kills one of his own family, this is no criminal act.” See also The United States v. Pearce, 2 McLean, 14.
On the trial, defendant, without objection, offered testimony tending to show the bitters was free from alcoholic properties ; that its intoxicating quality, if any it had, was due to the presence of gentian or other property, and not to alcoholic stimulants; that tests had been applied to the bitters, by persons competent to determine the fact, to show that the presence of alcohol in the bitters was so small that it could not be detected except by distillation. The accused then offered to prove, as shown by the recox’d, “ that at the time he purchased the bittei’s he was informed they contained no intoxicating propei’ties whatever; that they had been inspected by a United-States govei’nment inspector, and pronounced such a compound as needed no government revenue stamp thei’eon; that he sold them in good faith, believing them to be free from all alcoholic stimulants, which offer the court refused, and to which refusal defendant excepted.”
We are unable to see why the proposed testimony was not competent. The accused’s intention at the time of the sale was involved in the issue. It was competent to show that, from the circumstances of the case, he was free from culpable purpose, and one of the circumstances tending to show freedom from guilty intention in the sale was the fact, if fact it proved to be, that he had bought the bitters under the information and belief that it was an article free *461 from alcoholic properties; that he sold it, honestly believing, from information obtained at the time of the purchase, that it was not an intoxicating liquor. We think the testimony would have tended to show good faith and want of guilty intention on the part of the accused.
When put upon his trial the law presumed him innocent, and that presumption was as clear and strong in his favor on the day he bought the bitters as when the jury was sworn.
The rejected testimony might be of slight weight, yet, as it was competent, it was error to exclude it from the jury.
To warrant a conviction upon a criminal charge, the state must show the guilt of the accused, upon the specific charge, beyond a reasonable doubt. The proofs in criminal cases are sometimes so evenly poised between proof of actual guilt and an honest uncertainty in the minds of the jurors, that a slight amount of testimony might serve to justify an acquittal of the accused.
The judgment of the court of common pleas on the second count in the indictment is reversed, and remanded for further proceedings ; the judgment of that court on the third count is affirmed, and remanded for execution of sentence.
Scott, J., dissented.